**Elizabeth BARRETT, Individually and as Administratrix of the Estate of Harold Blauer, Deceased, Plaintiff,**

v.

**UNITED STATES of America, James Cattell, Newton Bigelow, David Marcus, Estate of Amedeo S. Marazzi, Van M. Sim, Herbert K. Greer, Frederick C. Lough, Harris J. North, William M. Creasy and George S. Leonard, Defendants.**

No. 76 Civ. 381 (CBM).

United States District Court, S.D. New York.

Sept. 17, 1986.

## MEMORANDUM OPINION

MOTLEY, Chief Judge.

Trial in this action, which alleges illegal government use of human subjects for chemical warfare experimentation in the 1950's, is scheduled for twelve days from now, on September 29, 1986. At a conference before the court today plaintiff reported that her key expert witness, an authority in psychopharmacology and a Government employee, had just informed her that he was unwilling to testify at trial.

Plaintiff's counsel had listed this expert as a witness in her list of trial witnesses on August 22, 1986. No objection was raised at that time to plaintiff calling the expert.

At a pretrial conference on September 11, 1986, the Government claimed that the expert could not testify for plaintiff since such action on the expert's part presented a conflict of interest and violated Veterans Administration regulations. This court ruled, as then argued by plaintiff, that the Government had waived its conflict of interest claim by failing to raise that claim several years earlier when an affidavit by this same witness was first presented by plaintiff in connection with a summary judgment motion. Furthermore, in the intervening years the Government had not raised any such concern about the expert's possible conflict. The court directed Government's counsel at the September 11, 1986 conference to notify the witness of its ruling that the conflict of interest claim was waived.

Thereafter, the witness, who is Chief of Psychopharmacology Research at the Veterans Administration Hospital in Palo Alto, California, as well as a Professor of Medicine, Psychiatry and Pharmacology at Stanford University, advised plaintiff's counsel by telex on September 16, 1986 (Court's Exhibit 1) that after speaking with Government's counsel he did not now believe it was in his own "best interest" to testify at the upcoming trial. The witness is beyond the subpoena power of this court.

In reaction to this turn of events, plaintiff moved pursuant to Federal Rule of Evidence 804(b)(5) on this date, September 17, 1986, for admission into evidence at trial of the affidavit by the witness that had been previously submitted to the court in connection with the motion for summary judgment in this case several years ago. After considering defendants' objections to this proposal, i.e., that they have not had an opportunity to depose or cross examine the witness, the court ruled from the bench in favor of plaintiff's application, stating that the affidavit would be admissible because the requirements of Federal Rule of Evidence 804(b)(5) had been met.

This memorandum opinion is being filed in order to clarify that ruling in light of defendants' apparent misunderstanding of its terms. The court is well aware that under Fed.R. of Evidence 804(b)(5)

"a statement may not be admitted … unless the proponent of it makes known to the adverse party *sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it*, his intention to offer the statement and the particulars of it, including the name and address of the declarant." (emphasis added).

Nothing in the court's ruling today bars defendants from taking the expert witness's deposition prior to trial for use at trial should they chose to follow this route. The Government could also call the expert as a witness and assure him that no reprisals would be visited against him for his participation in this trial. The Government cannot reasonably argue that there is no "fair opportunity" at this time to confront the absent declarant due to his newly stated intention to keep out of this case. It is obviously the conflict of interest suggestion of the Government that has caused the witness to announce his abstention from further participation in this trial. In short, nothing in the court's ruling today removes from defendants a fair opportunity to prepare to meet this expert testimony which will be offered by plaintiff at trial in affidavit form.

In conclusion, reiterating the order made orally from the bench today, plaintiff's application to submit the testimony of her now unavailable expert witness in affidavit form is granted.

SO ORDERED.